Filed 10/23/23  P. v. Vicente CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079594 |
| v. | (Super.Ct.No. RIF2003251) |
| SANTOS VICENTE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Steven G. Counelis, Judge.  Affirmed.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and A. Natasha Cortina, Deputy Attorney Generals, for Plaintiff and Respondent.

A jury found defendant and appellant Santos Vicente guilty of rape and sodomy of a child under 14 years old and more than seven years younger than defendant (Pen. Code, § 269, subds. (a)(1) & (a)(3))[1]; and two counts of a lewd act upon a child under 14 years old (§ 288, subd. (a)).  The trial court sentenced defendant to prison for a term of 30 years to life.

Defendant raises three issues on appeal.  First, defendant asserts the trial court erred by admitting evidence of uncharged conduct.  (Evid. Code, § 1108.)  Second, defendant contends the trial court violated his federal right of due process by not instructing the jury on lesser included offenses.  Third, defendant contends that cumulatively, the foregoing alleged errors created a denial of due process.  We affirm.

## FACTUAL AND PROCEDURAL HISTORY

### A.    BACKGROUND

The victim has three sisters.  Defendant dated Sister-1, who has a child. Defendant's relationship with Sister-1 lasted approximately one year.  During that time, defendant transported Sister-1's child to and from the home where the victim lived with her family.  Defendant's crimes against the victim occurred in July 2020, when the victim was 13 years old.

### B.    UNCHARGED CONDUCT

Sister-2 is approximately 14 years older than the victim, so she was 27 years old in July 2020.  Sister-2 was unmarried and has two children.  One day, Sister-2 was

---

[1] All subsequent statutory references are to the Penal Code unless otherwise indicated.

alone cleaning the kitchen in the home she shared with the victim. Defendant arrived to drop off Sister-1's child. Defendant told Sister-2 that he wanted to touch Sister-2, and "[h]e tried to get to [her]." Sister-2 "told him that, No, that it wasn't right." Sister-2 told defendant to leave, and he eventually apologized and left the house. The prosecutor asked Sister-2, "How did he try to get to you? What do you mean?" Sister-2 replied, "I don't know with what attention [*sic*] he was coming to. But I felt something bad, and I told him not to."

### C. MOTION

The People moved in limine to introduce defendant's conduct with Sister-2 because it demonstrated "a common scheme and plan by the defendant in how he would groom his girlfriend's sisters before acting on his sexual desires." Defense counsel argued that there were no similarities between the charged offenses and defendant asking to touch an adult female, i.e., Sister-2. The trial court found the events involving Sister-2 "provide a high degree of relevance to the intent necessary for the charged crimes," and granted the People's motion.

## DISCUSSION

### A. EVIDENCE CODE SECTION 1108

Defendant contends the trial court erred by admitting evidence of the uncharged conduct involving Sister-2. We agree but find the error to be harmless.

When a defendant "is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses" may be admitted. (Evid. Code, § 1108, subd. (a).) " 'Sexual offense' means a crime under the law of a state or of the

3

United States," such as "[c]ontact, without consent, between any part of the defendant's body or an object and the genitals or anus of another person." (Evid. Code, § 1108, subd. (d)(1)(C).)

The uncharged conduct involving Sister-2, as described in this record, was not a sexual offense. The conduct involved defendant stating his hope to touch an adult, which is not a crime. Because the uncharged conduct did not involve a sexual offense, the trial court erred by admitting it. (Evid. Code, § 1108, subd. (a).)

We examine whether the error was harmless. The issue in this case was consent. Defendant argued that the victim was a willing partner. The People argued that defendant forced himself upon the victim. The evidence that Sister-2 rejected defendant, and defendant apologized and left the home, supports a finding that defendant stops when there is a lack of consent. It demonstrates that defendant understands "no means no." Thus, in this case, which was about consent, the evidence of defendant's uncharged conduct with Sister-2 was harmless because it was favorable to defendant on the topic of consent—the sole issue in the case.

Defendant's trial counsel used the evidence in his closing argument to the jury: "[Sister-2] told you that [defendant] approached her and said, I would like to touch you. Asked, never touched her, never made any attempts to touch her. The conversation was there. And then [Sister-2] rejected him. And then there was no further action taken on the part of [defendant], and nothing but apologies, and that was it.

"That—I would assert to you that it's indicative that [defendant] understands boundaries. And if someone tells him no, if someone tells you I'm not interested in you, if someone tells you, I don't want to do anything with you, he understands those boundaries and he respects them and he doesn't pursue it any further. [¶] That is circumstantial evidence that everything that [the victim] is telling you is called into question. Because if she's saying no, no, don't touch me, don't do all these things, [defendant] wouldn't have done those things."

In sum, the evidence involving Sister-2 was helpful to defendant because it tended to demonstrate that defendant would not have acted without consent. Accordingly, the trial court's error in admitting the evidence was harmless. (See Cal. Const., art. VI, § 13 ["miscarriage of justice" needed for reversal]; *People v. Nguyen* (2010) 184 Cal.App.4th 1096, 1120 [applying the "reasonably probable" harmless error standard].)

B. DUE PROCESS

1. *PROCEDURAL HISTORY*

The People charged defendant with: aggravated sexual assault of a child, in the form of rape (§ 269, subd. (a)(1)) (Count 1); aggravated sexual assault of a child, in the form of sodomy (§ 269, subd. (a)(3)) (Count 2); and two counts of a lewd act upon a

child (§ 288, subd. (a)) (Counts 3 & 4) as lesser included offenses of Counts 1 and 2. The trial court denied defendant's request for a statutory rape instruction.[2]

Defendant's theory of the case was that the 13-year-old victim consented. In closing argument to the jury, defendant's trial counsel argued, "Count 3 and Count 4, 288(a), if you notice there is no issue in regards to whether consent was rendered. It's not an element. It's not something you can consider. It doesn't matter. When you have sex with somebody who's under 14 and you have the elements that are present in Count 3 and Count 4, that means that a crime was committed. [¶] Count 1 and Count 2, the critical issue here [is consent]." Defense counsel continued, "And it wasn't rape. And it wasn't sodomy. But there was sex. There's no issue there. You're not here to determine that. It happened. [¶] So hold [defendant] accountable for what he did do wrong, what he is responsible for, which is Count 3 and Count 4."

    2.    *ANALYSIS*

Defendant contends the trial court violated his right of due process because defendant's theory of the case was that the victim consented to intercourse and sodomy, and, by omitting instructions for statutory rape (§ 261.5, subd. (a)) and sodomy with a minor (§ 286, subd. (b)(1)), the trial court only instructed the jury on the People's theory of the case. Defendant asserts, "[T]he trial court unfairly forced the jurors to either accept the prosecutor's theory of the case, or to acquit [defendant]."

---

[2] "[S]tatutory rape is a lesser included offense of aggravated sexual assault/forcible rape under the statutory elements test." (*People v. Vasquez* (2021) 63 Cal.App.5th 107, 113.)

A defendant's due process "right to present a defense 'would be empty if it did not entail the further right to an instruction that allowed the jury to consider the defense.' " (*Bradley v. Duncan* (2002 9th Cir.) 315 F.3d 1091, 1099.) Lack of consent is not an element of a lewd act upon a child (§ 288, subd. (a)). (*People v. Soto* (2011) 51 Cal.4th 229, 238.) When instructing the jury on the offense of a lewd act upon a child (§ 288, subd. (a)), the trial court informed the jury, "It is not a defense that the child may have consented to the act." (CALCRIM No. 1110.)

Lack of consent is an element of aggravated sexual assault of a child. (§§ 261, subd. (a)(2) ["against a person's will"]; 286, subd. (c)(2)(A) [same] & 269, subds. (a)(1) & (a)(3).) When instructing the jury on aggravated sexual assault of a child (§ 269, subds. (a)(1) & (a)(3)), the trial court informed the jury that a victim's lack of consent is an element of the offense. (CALCRIM Nos. 1000 & 1030.) Further, the trial court explained, "The defendant is not guilty of [aggravated sexual assault of a child] if he actually and reasonably believed that the other person consented to the act."

The trial court provided the jury with instructions regarding consent. If the jury believed that the victim consented, then it could have acquitted defendant on the charges of aggravated sexual assault of a child (Counts 1 & 2) and convicted him only of lewd acts upon a child (Counts 3 & 4). Accordingly, defendant's right of due process was not violated because the jury received instructions relevant to the defense of consent.

C.    CUMULATIVE EFFECT

Defendant contends that when the foregoing alleged errors are considered together, their combined effect caused a denial of due process. We found a single error;

7

therefore, there are not errors to cumulate.  (See *People v. Anderson* (2001) 25 Cal.4th

543, 606 [rejecting cumulative prejudice contention].)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

McKINSTER _____

Acting P. J.

CODRINGTON _____

J.

8